Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL V**

| | | |
|---|---|---|
| **Sucn. Guillermo González González** compuesta por: Guillermo González López, Luz M. González López; su viuda Blanca Iris López González<br><br>Y<br><br>Luz M. González López y su esposo Eduardo Maisonet López y la Soc. Legal de Gananciales compuesta por ambos<br><br>**Apelados**<br><br>vs.<br><br>**Minerva López González**; Sucn. Luz López González, conocida por Luz Del Carmen López González, compuesta por: Edith Aquino López, Raquel Aquino López, Noel Aquino López; Teodosia López González; Sucn. Milagros López González, compuesta por: Aníbal Crespo López; Sucn. Radamés López González, conocido por Israel López González, compuesta por Jefry López Vale, Maritza López Rodríguez, Alex López Rodríguez; y Elda Hernández Rodríguez, José Javier Hernández Rodríguez, Luis E. Hernández Rodríguez, Carlos Hernández Rodríguez en representación de su madre Marisol López Rodríguez; Sucn. Gladys López González, compuesta por: Gladys M. Vializ López, Noel Vializ López y Edwin Vializ López, Juan Del Pueblo<br><br>**Apelante** | KLAN202500371 | **APELACIÓN**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Aguada<br><br><br>Caso Núm. AU2022CV00560<br><br><br><br>Sobre:<br><br>ACCESIÓN |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Número Identificador

SEN2025 _____

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 27 de mayo de 2025.

El 30 de abril de 2025, la Sra. Minerva López González (señora Minerva o apelante) compareció ante nos mediante un recurso de *Apelación* y solicitó la revisión de una *Sentencia* que se emitió el 28 de marzo de 2025 y se notificó el 31 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Aguada (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Demanda Enmendada* presentada por la Sra. Luz María González López (señora Luz María), su esposo el Sr. Eduardo Maisonet López (señor Eduardo) y la Sociedad Legal de Gananciales (SLG) compuesta por ambos y la sucesión del Sr. Guillermo González González (señor Guillermo o causante) compuesta por su viuda la Sra. Blanca Iris López González, el Sr. Guillermo González López, y la Sra. Luz María (en conjunto, la parte apelada).

En consecuencia, adjudicó la estructura que enclava los terrenos de la parte apelada a la señora Luz María, el señor Eduardo y la SLG compuesta por ambos por lo que le ordenó a la señora Minerva desalojar la edificación en treinta (30) días a partir de que la *Sentencia* adviniera final y firme.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

### I.

El 27 de agosto de 2024, la parte apelada presentó una *Demanda Enmendada* sobre accesión en contra de la sucesión del Sr. Pedro López Soto (señor Pedro) y la sucesión de la Sra. Gumersinda González Villanueva (señora Gumersinda ), compuesta por: la señora Minerva, la sucesión de la Sra. Luz López González, la Sra. Teodosia López González, la sucesión de la Sra. Milagros López González, la sucesión del Sr. Radames López González, la

sucesión de la Sra. Gladys López González y el Sr. Ismael López González.[1] Allí, alegó que la sucesión del señor Guillermo eran dueños en común pro-indiviso y en forma privativa de una propiedad ubicada en el municipio de Aguadilla.

Indicó que, el señor Pedro y la señora Gumersinda construyeron una casa en cemento para el año 1973 en terrenos que le pertenecía a la sucesión del señor Guillermo. Señaló que el costo original de dicha edificación fue de cinco mil dólares ($5,000.00), sin embargo, que actualmente tenía un valor aproximado de veinte mil dólares ($20,000.00). Sostuvo que, los miembros de la sucesión del señor Pedro y la señora Gumersinda eran dueños en común pro-indiviso de referida vivienda.

Manifestó que la parte apelada deseaba comprar la estructura conforme al nuevo Código Civil de Puerto Rico de 2020[2] por lo que le habían solicitado a la señora Minerva que abandonara la vivienda previo al pago de esta. Ante ello, solicitó al TPI que ordenara la tasación de la edificación y el desalojo de los ocupantes una vez se consignara el valor.

El 6 de septiembre de 2024, la señora Minerva presentó la *Contestación a Demandada Enmendada*.[3] En esta, alegó que la construcción de la estructura en controversia fue autorizada por los padres de la parte apelada. Además, esbozó que la propiedad no estaba a la venta y que no existía un derecho de accesión bajo el viejo y/o el nuevo Código Civil de Puerto Rico. Por lo tanto, sostuvo que no procedía la tasación o el desalojo de la propiedad.

El 26 de diciembre de 2024, la parte apelada presentó su *Moción sobre Consignación*.[4] Allí, alegó que el 27 de noviembre de 2024, el Tasador Vicente Vázquez Flores (Tasador) entregó el *Informe*

---

[1] *Véase*, Anejo 13, págs. 27-30 del alegato en oposición.
[2] 31 LPRA sec. 5311 *et seq*.
[3] *Véase*, Anejo 14, págs. 31-34 del alegato en oposición.
[4] *Íd.*, Anejo 19, págs. 41-42.

*de Tasación* de la estructura en controversia, la cual ascendía a $68,500.00. Indicó que, a tenor con el acuerdo entre las partes, la tasación sería vinculante y que la factura del tasador sería pagada en partes iguales. A tales efectos, consignó en la Secretaria del Tribunal el cheque de gerente núm. 6410, de la Cooperativa de Ahorro y Crédito de Rincón, por la cantidad de $68,150.00 desglosado como sigue: $68,500.00 de tasación menos $350.00 que le correspondía a la señora Minerva al pago del Tasador.

Tras varios trámites procesales, el 5 de febrero de 2025, se celebró una vista del caso. De la *Minuta* surge que el TPI luego de escuchar los planteamientos de las partes, le concedió al Lcdo. Juan Rivera Román (licenciado Rivera), representante de la señora Minerva, diez (10) días para presentar su defensa de usucapión mediante reconvención y diez (10) días al Lcdo. Diógenes Alayón Quiñones (licenciado Alayón), representante de la parte apelada, para replicar por escrito.[5]

El **24 de febrero de 2025**, la parte apelada presentó una *Moción solicitando Sentencia*.[6] En esta, alegó que la apelante solicitó un término de diez (10) días para levantar la doctrina de usucapión en el caso de epígrafe. No obstante, indicó que transcurrió el término sin que la señora Minerva haya presentado defensa alguna. Ante ello, solicitó al TPI que no tomara en consideración cualquier escrito que pudiera radicar la apelante y que dictara sentencia conforme al trámite del caso.

El 26 de febrero de 2025 y notificado el **28 de febrero de 2025**, el TPI dictó una *Orden*.[7] En esta, ordenó lo siguiente, "Como se pide en cuanto a la doctrina de usucapión".

---

[5] Íd., Anejo 24, págs. 48-49.
[6] Íd., Anejo 25, pág. 50.
[7] *Véase*, Entrada Núm. 86, SUMAC.

Así las cosas, el 28 de marzo de 2025, el TPI dictó una *Sentencia* que se notificó el **31 de marzo de 2025**.[8] En primer lugar, consignó las siguientes determinaciones de hechos:

1. La Sucn. de Guillermo González González, compuesta por los co-demandantes: Guillermo González López, Luz María González López; y su viuda Blanca Iris López González son dueños en común pro-indiviso y en forma privativa de la siguiente propiedad:

--RUSTICA: Radicada en el barrio Rio Grande de Aguada, Puerto Rico, de dos cuerdas de terreno más o menos, en colindancia por el Norte Manuel Jiménez López, Sur con la vía férrea que divide del resto de la propiedad, Este Manuel Jiménez López y por el Oeste con camino vecinal. ---------------------------------------

--La propiedad consta inscrita al folio doscientos veintiséis (226) del tomo veinticuatro (24) de Aguada, finca novecientos siete (907) en el Registro de la Propiedad Sección de Aguadilla.

2. Los miembros de las Sucn. de Pedro López Soto y Gumersinda González Villanueva, los demandados y la co-demandante Blanca Iris López González, son dueños en común pro-indiviso de una estructura o edificación de cemento para vivienda en terrenos pertenecientes a los co-demandantes Guillermo González López, Luz María González López y Blanca Iris López González.

3. Pedro López Soto y Gumersinda González Villanueva, padres de la co-demandante Blanca Iris López González y de los demandados construyeron una casa en cemento allá para el año 1973, en los terrenos pertenecientes a la Sucn. de Guillermo González González, compuesta por los co-demandantes: Guillermo González López, Luz María González López; y su viuda Blanca Iris López González.

4. Los demandantes han solicitado a la parte co-demandada Minerva López González, la cual ocupa la estructura o edificación propiedad de los demandados y de la co-demandante Blanca Iris López González, que abandone la estructura o edificación previo al pago de la misma.

5. La parte co-demandada Minerva López González, en su contestación a la demanda, reconoce que la única controversia a dilucidar es el valor de la estructura o edificación que enclava en terrenos pertenecientes a los co-demandantes Guillermo González López, Luz María González López y Blanca Iris López González.

6. El Tasador Vicente Vázquez Flores, procedió a Tasar la estructura o edificación en controversia el día 26 de octubre de 2024 y rindió el informe el 24 de noviembre de 2024, la cual arrojo un valor de $68,500.00.

---

[8] *Véase*, Anejo 27, págs. 52-55 del alegato en oposición.

7. El costo total de la estructura o edificación de $68,500.00 a pagar a la parte demandada los aportaron la Sra. Luz M. González López y su esposo Eduardo Maisonet López y la Sociedad Legal de Gananciales compuesta por ambos.

8. El día 26 de diciembre de 2024, se consignó en la secretaria de este Tribunal el dinero correspondiente a la estructura o edificación, por la cantidad de $68,150.00 desglosado como sigue: $68,500.00 de tasación menos $350.00 correspondiente a la parte demandada al pago del tasador Vicente Vázquez Flores.

9. El día 27 de diciembre de 2024 y notificada el 2 de enero de 2025, se aceptó la consignación por este Tribunal.

Luego de haber evaluado la prueba testifical, pericial y documental ofrecida u admitida en evidencia, las determinaciones de hechos antes expuestas y el derecho aplicable, el TPI declaró Ha Lugar la reclamación de epígrafe. En consecuencia, ordenó lo siguiente:

1) Se adjudica la estructura o edificación que enclava en terrenos de los demandantes a los co-demandantes Luz M. González López y su esposo Eduardo Maisonet López y la Sociedad Legal de Gananciales compuesta por ambos, por estos haber aportado la totalidad del valor de $68,500.00 de la estructura o edificación.

2) Que la parte co-demandada Minerva López González, desaloje la estructura o edificación que ocupa en TREINTA (30) días a partir de la sentencia advenga final y firme.

Inconforme con esta sentencia, el 30 de abril de 2025, la señora Minerva presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

**Erró el Tribunal de Primera Instancia al no permitir a la apelante-recurrente presentar su oposición a la moción para que se dicte Sentencia por las alegaciones.**

En esta misma fecha, a saber, el 30 de abril de 2025, la apelante presentó una *Moción solicitando prórroga para presentar anejo*s. Atendida la moción de prórroga, el 2 de mayo de 2025, emitimos una *Resolución* concediéndole a la parte apelante la prórroga de diez (10) días solicitada, sin embargo, al día de hoy no ha cumplido. A su vez, le concedimos a la parte apelada hasta el 20

de mayo de 2025, para que presentara su alegato en oposición. Oportunamente, el 16 de mayo de 2025, la parte apelada presentó su *Oposición a Apelación de Sentencia* junto con un apéndice completo, el cual utilizamos sus anejos para citar en esta sentencia y negó que el TPI cometiera el error que la apelante le imputó.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

**II.**

En lo pertinente, la Regla 8.4 de Procedimiento Civil, dispone lo siguiente:

> Cualquier parte que se oponga a una moción deberá presentar su oposición fundamentada dentro de los veinte (20) días siguientes a ser notificada de la moción. La oposición deberá acompañarse de cualquier documento o affidavit necesario para su resolución. Si no se presenta una oposición dentro de dicho término de veinte (20) días, se entenderá que la moción queda sometida.

> Toda moción se considerará sometida para resolución sin la celebración de vista a menos que el tribunal a iniciativa propia o a solicitud de una parte, resuelva a su discreción señalarla para vista. Esta regla no será aplicable a aquellas mociones que por disposición de ley y estas reglas requieran la celebración de una vista. 32 LPRA Ap. V, R. 8.4.

Es decir, la parte tiene un término de veinte (20) días a partir de la notificación de una moción para presentar su oposición. De lo contrario, esta quedara sometida sin su comparecencia.

**III.**

Mediante su único señalamiento de error, la apelante argumentó que el TPI incidió al no permitirle presentar su oposición a la moción para que se dictara sentencia por las alegaciones. Alegó que la parte apelada presentó dicha moción el 24 de febrero de 2025. No obstante, esbozó que, el 28 de febrero de 2025, el TPI emitió una *Orden* que disponía lo siguiente, "Como se pide en cuanto a la doctrina de usucapión". Sostuvo que con la referida orden quedó claro que el TPI ya había tomado la decisión de declarar Ha Lugar la

*Demanda Enmendada* sin que la apelante tuviera una oportunidad para presentar su oposición. Ante ello, aseveró que al no permitirle presentar su oposición conforme a la Regla 8.4 de Procedimiento Civil, *supra,* el TPI incurrió en abuso de discreción, prejuicio, error o parcialidad.

Es menester señalar que, el señalamiento de error de la apelante se limita exclusivamente al aspecto procesal del caso. Por tanto, para facilitar nuestra discusión haremos un breve resumen del tracto procesal pertinente.

El 5 de febrero de 2025, durante la vista del caso, el licenciado Rivera solicitó un término de diez (10) días para presentar su defensa de usucapión mediante reconvención, el cual fue concedido por el TPI. Sin embargo, transcurrido dicho término sin que la apelante presentara su escrito, el **24 de febrero de 2025**, la parte apelada presentó una *Moción solicitando Sentencia.* Allí, alegó que el término de los diez (10) días había transcurrido sin que la apelante presentara defensa alguna, por tanto, solicitó que se dictara sentencia por las alegaciones. El 26 de febrero de 2025 y notificado el **28 de febrero de 2025**, el TPI atendió la moción de la parte apelada y concedió lo solicitado en cuanto a la doctrina de usucapión. Posteriormente, el **31 de marzo de 2025**, el TPI notificó la Sentencia impugnada en el presente recurso.

En primer lugar, la Regla 8.4 de Procedimiento Civil, *supra,* dispone que una parte que se oponga a una moción deberá presentar su oposición dentro de los veinte (20) días a partir de su notificación. La parte apelada presentó su moción solicitando sentencia el 24 de febrero de 2025. Por ende, conforme a dicha regla, la apelante tenía hasta el **17 de marzo de 2025** para presentar su

oposición.[9] No obstante, la señora Minerva nunca presentó la oposición al escrito y, en consecuencia, la moción quedó sometida sin el beneficio de su comparecencia. Por consiguiente, el TPI notificó su sentencia el **31 de marzo de 2025**, habiendo transcurrido treinta y cinco (35) días desde que se presentó la moción para que se dictara sentencia el 24 de febrero de 2025.

Por otra parte, la apelante alegó que, con el dictamen del 28 de febrero de 2025, quedó claro que el TPI ya había tomado la decisión de declarar Ha Lugar la reclamación de epígrafe. Ahora bien, referida orden no atendió la causa de acción de la parte apelada sino aquello relacionado a la defensa de usucapión. Dicho esto, si la señora Minerva estaba en desacuerdo con el dictamen podía haber presentado una reconsideración dentro de los quince (15) días de haber sido notificada. Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. Empero, de los autos que obran en el expediente no surge que la apelante haya presentado una reconsideración a la orden. Incluso, desde que la parte apelada presentó su moción para que se dicte sentencia por las alegaciones, el licenciado Rivera no presentó escrito alguno ante el TPI sino hasta que decidió impugnar la sentencia ante este foro.

A tales efectos, la apelante tuvo amplia oportunidad para oponerse al escrito de la parte apelada antes de que el TPI emitiera su dictamen, a saber, treinta y cinco (35) días. Por estas razones, determinamos que el TPI no incurrió en error, ni abuso de su discreción al dictar sentencia.

**IV.**

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

---

[9] Nótese que, el día veinte (20) a partir de la notificación de la moción caería el domingo, 16 de marzo de 2025, por lo cual se corre para el próximo día laboral, el 17 de marzo de 2025.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones